WITHERS v. MILLS et al.   (No. 7499.)

(Supreme Court, Appellate Division, First Department.   June 18, 1915.)

PARTNERSHIP ☞310—DISSOLUTION—CONTRACT—GOOD WILL.

Where plaintiff and defendant M. had been copartners under the firm name and style of W. and M., and a new partnership was formed under that name, for five years, consisting of plaintiff and defendants, M. and H., under which plaintiff and M. assigned the good will of the former firm of W. and M., and plaintiff was to have no further interest in the good will, and by which it was provided that on dissolution for any cause, except the death of M. or H., the good will should be the property of whichever of the two tendered to the other the highest price therefor, with the right to hold himself out as the successor of the firm, and that, if plaintiff survived both his partners, the good will should be his property, plaintiff had no interest in the good will, except on the survivorship, and where M. and H., after expiration of the partnership, without any form of bidding for the good will, continued in business as copartners and used the good will, plaintiff had no right to enjoin such use.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 712; Dec. Dig. ☞310.]

Appeal from Special Term, New York County.

Action by Thomas R. Withers against John D. Mills and another. From an order granting an injunction pendente lite, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William Lloyd Kitchel, of New York City, for appellants.
Nathan A. Smyth, of New York City, for respondent.

SCOTT, J.   The defendants appeal from an order made at Special Term granting plaintiff's motion for an injunction pendente lite, restraining the defendants from representing themselves as successors of or to the business of Withers & Mills, or from using the name of Withers & Mills in any way, except so far as may be necessary in liquidating the business of the former copartnership of Withers & Mills.

The action is, in form, one for a partnership accounting, and for a permanent injunction to the same effect as that granted by the order appealed from.

The plaintiff and the defendant Mills had for a long time prior to January 10, 1910, been copartners in business under the firm name or style of Withers & Mills; the defendant Honness having been a clerk in their employ.   The firm had been engaged in the insurance business, and had been successful in establishing a good will of considerable value.   On January 10, 1910, a new firm was created under the name of Withers & Mills for a period of five years; the partners being the plaintiff and the two·defendants.   By the terms of the articles of copartnership, Withers & Mills assigned to the new firm the good will of the antecedent firm of Withers & Mills, and it was expressly provided that plaintiff "shall have no further property interest in any part of said good will."   Withers was at that time in somewhat impaired health, and it was therefore agreed that, while Mills and Honness should devote

their entire time to the business of the firm, Withers should devote to the business only such time as he might care to devote thereto, and none, if he should so elect. It was also provided that Withers should receive the sum of $6,000 per annum, payable monthly, with a reduction in case the profits of the business should fall below $28,000 per annum. In point of fact he did receive that sum during the full term. It was also provided that, in case of Withers' death during the term, the annual payments should continue to be made to his estate, and, if he should withdraw from the firm, he should, notwithstanding, continue to receive the agreed sum annually during the prescribed term. The tenth clause of the articles of copartnership read as follows:

"Tenth. Upon the dissolution of this copartnership by limitation of time, or for any cause except the death of Mills or Honness, the good will thereof, and the agencies of insurance companies, shall be the property of whichever of them tenders to the other, within thirty days after such dissolution, the highest price, in cash (or certified check) for said good will. The partner thus entitled to said good will shall have the exclusive right to the lease and occupancy of the place of business of the copartnership. He shall be entitled to the ownership and possession of its books of account and papers. He shall have the sole right to hold himself out as the successor of the business of the copartnership and to solicit the business of its customers, and the agencies aforesaid. The partner to whom said higher price shall have been tendered, as aforesaid, shall do all acts which may be necessary fully to vest the one who made such tender with said good will and other property, and will do no act to hinder or diminish his full enjoyment thereof."

The twelfth clause read as follows:

"Twelfth. If both Mills and Honness should die before January 10, 1915, leaving Withers surviving, the good will of the business, the lease, the books and papers of the copartnership and the agencies shall be the property of Withers."

Upon the expiration of the copartnership term the defendants organized a copartnership for carrying on the same business under the firm name of Mills & Honness, holding themselves out upon their stationery and otherwise as successors to Withers & Mills.

It seems quite apparent that by the express terms of the agreement of January 10, 1910, Withers not only joined in the assignment to the firm then created of the good will of the former firm of Withers & Mills, and expressly agreed that he should have no further interest in that good will, but also agreed that upon the dissolution of the partnership by limitation of time or for any other cause, except the death of Mills or Honness, the good will should go to them. This finds confirmation in the provision of the twelfth clause that in case of the death of both Mills and Honness, leaving Withers surviving, he should succeed to the good will. This is the only contingency contained in the articles under which he is to have any interest therein. It is, of course, quite immaterial that Mills and Honness did not go through the form of bidding against each other for the exclusive use of the good will. The provision for such bidding was evidently inserted wholly for their benefit, and it was unnecessary to resort to it when they agreed to continue in business as copartners and to use the good will jointly.

The complaint and the moving affidavits contain many allegations concerning the bad condition of Withers' health when the agreement of

January 10, 1910, was entered into. These, however, are wholly imma-
terial, because no relief is sought to be based upon them.

Our conclusion is that the order appealed from must be reversed,
with $10 costs and disbursements, and the motion denied, with $10
costs. Order filed. All concur.